Case 2:13-cr-00380 Document 69 Filed on 04/03/17 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
April 03, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:13-CR-380-1 |
| | § | |
| JUAN GERMAN HERNANDEZ JR | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant/Movant Juan German Hernandez, Jr.'s motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum of law in support. D.E. 49, 50. Movant seeks a sentence reduction under Amendment 794 to the Sentencing Guidelines based on his allegedly minor role. The United States has moved to dismiss this action on the grounds that Movant waived his right to collaterally attack his sentence and the issue he raises is not cognizable under 28 U.S.C. § 2255. D.E. 62. For the reasons stated below, Movant's motion is **DENIED**.

**I. Background**

On May 8, 2013, Movant was charged with conspiracy and possession with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). On July 10, 2013, Movant pled guilty to the conspiracy charge pursuant to a written plea agreement with the Government in which he waived his right to appeal or collaterally attack his conviction or sentence. During rearraignment, Movant acknowledged that he had the indictment, and he understood the charge and had discussed it with his attorney. Rearraignment Tr., D.E. 58, p. 12. He also identified the plea agreement he signed and testified that he discussed it with his attorney before he

signed it. *Id.*, p. 30. The Court reviewed Movant's waiver of his right to later challenge his conviction or sentence. *Id.*, pp. 31–32. Movant testified that he understood his rights and his waiver, and that he and his attorney had gone over the waiver before he signed the plea agreement. *Id*. The Court advised Movant of the minimum punishment of ten years' imprisonment and the maximum punishment of life, followed by supervised release of five years up to life; a fine of up to $10,000,000; and a special assessment of $100. *Id.*, p. 18. Movant was advised that his guideline punishment range would be based upon the present offense and his criminal history using the Sentencing Guidelines. *Id.*, p. 25. He testified that he understood. *Id*. Movant further testified that his decision to plead guilty was voluntary and that he had not been promised leniency or forced to plead guilty. *Id.*, p. 26. The Government outlined the facts it relied upon to charge Movant with conspiracy to possess with intent to distribute methamphetamine, and Movant agreed with the recitation. *Id.*, pp. 34–38. The Court accepted Movant's guilty plea and ordered the Probation Office to prepare a Presentence Investigation Report (PSR).

The PSR calculated Movant's base offense level, based on 15.572 kilograms of methamphetamine, at 38. He received a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(5) because the offense involved the importation of methamphetamine and he was not subject to an adjustment for mitigating role. After credits for safety valve and acceptance of responsibility, his total offense level was 35. Movant's criminal history category was I, resulting in a guideline range of 168–210 months' imprisonment. At sentencing, the Court adopted the PSR without change and sentenced Movant to 120

months, to be followed by five years' supervised release. Judgment was entered October 2, 2013. Movant did not appeal.

Movant filed the present motion under 28 U.S.C. § 2255 on October 22, 2016. It is timely. *See* 28 U.S.C. § 2255(f)(3).

## II. Movant's Allegations

On November 1, 2015, the United States Sentencing Commission issued Amendment 794, which amended the commentary to U.S.S.G. § 3B1.2 to clarify the factors a district court should consider in making a determination of minor or mitigating role. Movant claims that he is entitled to a sentence reduction under Amendment 794 and that his sentence violates the Equal Protection Clause of the Fifth Amendment because he has not been treated equally with those whose sentences were based upon the proper minor role adjustment as the Sentencing Commission intended.

## III. Analysis

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on

direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

Movant claims his sentence is unconstitutional because he did not receive a downward adjustment for minor role under U.S.S.G. § 3B1.2. "A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255." *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Even if it did, Movant's claim is barred by his waiver to collaterally attack his sentence based upon the terms of his plea agreement.

The record supports a finding that Movant's guilty plea was knowing and voluntary. As set forth *supra*, he was questioned at rearraignment regarding his understanding of the charges against him and was informed of the minimum and maximum punishments. Movant now claims that he was "coerced to sign" the plea agreement (D.E. 50, p. 3); however, he swore at rearraignment that he was not promised leniency for his plea or forced to plead guilty. He was also questioned regarding the plea agreement and his waiver of his right to later challenge his conviction or sentence. Movant testified he understood the plea agreement and understood that he was waiving this right.

Courts give great weight to a defendant's statements during the plea colloquy. *Blackledge v. Allison*, 431 U.S. 63, 73 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002); *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir. 1994) (placing great weight on

defendant's statements during plea). Movant's testimony that he understood he was waiving his right to later challenge his conviction or sentence is all that is required for his waiver to be enforceable. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

The Court finds that Movant's plea agreement and his waiver of § 2255 rights contained therein are valid and enforceable. His claim that his sentence is unconstitutional falls within the scope of his waiver and is barred from consideration.

### B. 18 U.S.C. § 3582

The substantive relief Movant seeks—a sentence reduction under Amendment 794—is available, if at all, through a motion pursuant to 18 U.S.C. § 3582(c)(2). As such, the Court will construe Movant's motion under § 3582.

A federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010). However, Congress allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Freeman v. United States*, 564 U.S. 522, 526-27 (2011) (reciting standard for sentence modifications). Such defendants are entitled to move for retroactive modification of their sentences. *Freeman*, 564 U.S. at 527. However, a sentence reduction is only permitted if it is consistent with the policy statements issued by the Sentencing Commission, which are found in § 1B1.10 of the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). Subsection 1B1.10(d) lists the amendments to the Guidelines that are eligible for retroactive effect, but Amendment 794 is not listed.

Citing *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), Movant argues that Amendment 794 is nonetheless retroactive. In *Quintero-Leyva*, the Ninth Circuit held that Amendment 794 "applies retroactively in direct appeals." 823 F.3d at 521. However, the court declined to reach "the issue of whether, under the Amendment, a defendant who has exhausted his direct appeal can move to reopen sentencing proceedings." *Id.* n.1. The Fifth Circuit has explicitly declined to reach the issue of whether Amendment 794 is clarifying and/or retroactive. *United States v. Gomez-Valle*, 828 F.3d 324, 330 (5th Cir. 2016). However, the Southern, Northern, and Western Districts of Texas have held that Amendment 794 is not retroactive. *See, e.g.*, *United States v. Collins*, 2016 WL 6835063, at *1 (S.D. Tex. Nov. 21, 2016) ("The Court finds that because Amendment 794 is not listed in § 1B1.10, it is not retroactive."); *Perez-Rodriguez v. United States*, 2016 WL 5875027, at *3 (N.D. Tex. Aug. 16, 2016), *report and recommendation adopted*, 2016 WL 5871359 (N.D. Tex. Oct. 7, 2016) ("Amendment 794 . . . is not listed in § 1B1.10(c) as an amendment that can subsequently lower an applicable guideline range, so it was not made retroactive by the U.S. Sentencing Commission, and the Court does not have discretion to consider reducing Movant's sentence on this basis."); *Vergara v. United States*, 2016 WL 5717843, at *2–3 (W.D. Tex. Sept. 30, 2016) ("*Quintero–Leyva* did not make Amendment 794 retroactively applicable to cases in the Fifth Circuit on direct appeal or on collateral review under § 2255. . . . The Sentencing Guidelines list all amendments eligible for retroactive effect. If an amendment is not listed, a retroactive sentence reduction is not authorized. The list does not include Amendment 794."). Because Amendment 794 is not

retroactive, the Court is not authorized to reconsider whether Movant may qualify for a minor role under this amendment.

## IV. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).  As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that Movant cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

**V. Conclusion**

For the reasons stated herein, the Government's motion to dismiss (D.E. 62) is **GRANTED**, and Movant's § 2255 motion (D.E. 49) is **DENIED**. Movant's construed motion under 18 U.S.C. § 3582(c)(2) is also **DENIED**.

ORDERED this 3rd day of April, 2017.

                                                */s/ Nelva Gonzales Ramos*
                                                NELVA GONZALES RAMOS
                                                UNITED STATES DISTRICT JUDGE